IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWARD T. WEAVER, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 23-cv-03499-SMY |
| ) | |
| THOMAS KUPFERER, ) | |
| CONNIE FAULKENBERRY, ) | |
| GRIEVANCE OFFICER (Jackson County ) | |
| Jail), and ) | |
| JACKSON COUNTY JAIL STAFF, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Edward Weaver, a prisoner at the Jackson County Jail, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He claims he contracted COVID-19 and had a leg fracture that was inadequately treated. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff learned on January 10, 2022, that he tested positive for COVID-19 (Doc. 1, p. 6). He became ill because the Jackson County Jail refused to issue masks and failed to follow CDC and federal guidelines on mask requirements and social distancing.

1

On September 22, 2022, Plaintiff noticed his left leg was swollen and difficult to walk on. Jail staff took Plaintiff to the emergency room on September 29, 2022, where he learned his left tibia plateau was fractured and he had cellulitis in the leg. He was not given crutches or other walking aids (Doc. 1, pp. 6-7). Plaintiff's condition worsened because jail medical providers Nurse Connie Faulkenberry and Dr. Thomas Kupferer did not provide him with adequate medical care. His attached grievances indicate he had difficulty walking and injured his foot (Doc. 1, pp. 30, 32). He returned to the hospital on November 18, 2022.

Jackson County Jail Staff, including grievance officers Jessica Bien, Mike Stratton, Nicholas Freeman, and Nicholas Stearns, failed to ensure that Plaintiff's serious medical needs were met (Doc. 1, p. 7).

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

| | |
|---|---|
| Count 1: | Fourteenth Amendment medical claim against Jackson County Jail Staff for failing to follow public health COVID-19 guidelines, resulting in Plaintiff becoming infected with COVID-19 on January 10, 2022. |
| Count 2: | Fourteenth Amendment medical treatment claim against Thomas Kupferer, Connie Faulkenberry, Grievance Officer, and Jackson County Jail Staff for denying Plaintiff adequate medical care for his leg fracture and cellulitis between September 22, 2022 and November 18, 2022. |
| Count 3: | Medical malpractice/negligence claim against Thomas Kupferer, Connie Faulkenberry, Grievance Officer, and Jackson County Jail Staff for denying Plaintiff adequate medical care for his leg fracture and cellulitis between September 22, 2022 and November 18, 2022. |

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading

standard.[1]

**Preliminary Dismissals**

The Complaint raises claims against Thomas Kupferer, Connie Faulkenberry, and an unspecified number of "Jackson County Jail Staff" (Doc. 1, pp. 1-2). While a plaintiff may use the "John/Jane Doe" designation to refer to specific individuals whose names are unknown, a plaintiff runs afoul of the pleading standards in *Iqbal* and *Twombly*[2] by merely asserting that a group of defendants violated his constitutional rights. *See Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (finding the phrase "one or more of the Defendants" did not adequately connect specific defendants to illegal acts, and thus failed to adequately plead personal involvement). Instead, a plaintiff must make plausible factual allegations against individuals. Here, Plaintiff does not describe the "Jackson County Jail Staff," nor does he indicate how many individuals are in this group or identify particular misconduct by any specific person that allegedly violated his constitutional rights. Therefore, the "Jackson County Jail Staff" will be dismissed without prejudice.

In his statement of claim, Plaintiff names several individual grievance officers who allegedly were involved in the denial of medical care (Doc. 1, p. 7). However, these individuals are not included in the case caption or in the list of defendants. The Court will not treat parties not listed in the caption as defendants, and any claims against them are dismissed without prejudice.[3] *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (to be properly considered a party a

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").
[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a complaint must describe "more than a sheer possibility that a defendant has acted unlawfully"); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.").
[3] The individuals are: Jessica Bien, Mike Stratton, Nicholas Freeman, and Nicholas Stearns (Doc. 1, p. 7).

3

defendant must be "specif[ied] in the caption").

## Discussion

### Count 1

Plaintiff does not connect any individual to his claim that he contracted COVID-19 in January 2022 due to the inadequate health precautions at the Jackson County Jail. He states only that unspecified jail staff refused to issue masks to prisoners (Doc. 1, p. 6). As noted above, Plaintiff cannot proceed with a claim against an indeterminate group of defendants. Accordingly, Count 1 will be dismissed without prejudice. Plaintiff may re-plead this claim in an amended complaint. If he chooses to do so, Plaintiff must identify and name as a defendant each individual who violated his rights, and must describe the "who, what, why, where, and how" forming the basis of his claim against that person.

### Count 2

As a pretrial detainee, Plaintiff's claim for inadequate medical treatment is governed by the Fourteenth Amendment's Due Process Clause. *Kingsley v. Hendrickson*, 576 U.S. 389, 395-96 (2015). To state a claim, a pretrial detainee must plead facts suggesting the defendants' conduct was objectively unreasonable. *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018).

While Plaintiff's factual allegations are sparse, he indicates that he was not given any devices to assist him with walking on his painful leg, nor was he given a wheelchair. His difficulty walking caused him to injure his foot, and his fracture and leg condition became worse because he had to continue walking on it due to the lack of medical care. These allegations are sufficient for Plaintiff to proceed on the claim in Count 2 against Kupferer and Faulkenberry for inadequate medical care. However, Count 2 will not proceed against the "Jackson County Jail Staff" for the reasons explained above.

Plaintiff included a "Jackson County Jail Grievance Officer" as a defendant (Doc. 1, p. 2) in connection with his medical claims. However, this defendant will be dismissed because an official who merely reviews a grievance is not liable for the conduct forming the basis of the grievance. *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017). For a defendant to be liable under § 1983, the person must be personally responsible for the violation of a constitutional right. *Taylor v. Ways*, 999 F.3d 478, 493 (7th Cir. 2021); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

**Count 3**

Plaintiff's medical negligence claim against Kupferer and Faulkenberry derives from the same facts as his federal constitutional claim and may proceed against these defendants at this stage. 28 U.S.C. § 1367(a). To ultimately pursue this claim, before the completion of the summary judgment phase of the case, Plaintiff must file an affidavit stating that "there is a reasonable and meritorious cause" for litigation against the defendants and a physician's report to support the assertions in the affidavit, pursuant to 735 ILCS § 5/2-622. *See Young v. United States*, 942 F.3d 349 (7th Cir. 2019). Count 3 will not proceed against the Jackson County Jail Grievance Officer and Jackson County Jail Staff, for the reasons stated above.

**Disposition**

The Complaint states colorable claims in Counts 2 and 3 against Thomas Kupferer and Connie Faulkenberry. Count 1, and Defendants "Grievance Officer (Jackson County Jail)" and "Jackson County Jail Staff," are **DISMISSED** without prejudice.

The Clerk shall prepare for Thomas Kupferer and Connie Faulkenberry: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this

Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of

prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED: May 22, 2024**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.